MARGUERITE YARDUM, as General Guardian of the Person of VINCENT YARDUM, JR., an Infant, etc., Respondent.— Decree of the Surrogate's Court of Westchester county, in so far as appealed from, reversed upon the law and the facts, without costs, and application denied, without costs. We are of opinion that comity and an orderly course of procedure required the Surrogate's Court of Westchester county to refuse to entertain the petition herein for the appointment of a guardian of the person on appellant's objection. The Supreme Court and the Surrogate's Court have concurrent jurisdiction in matters pertaining to the appointment of guardians of infants. The general rule is that guardianship of the person of an infant implies the custody and control of the person of an infant. (*Matter of Stillman Infants*, 117 Misc. 61; *Wilcox* v. *Wilcox*, 14 N. Y. 575; *Murphy* v. *Holmes*, 87 App. Div. 366; *Williams* v. *Clarke*, 82 id. 199.) This is not in conflict with *Matter of Lee* (220 N. Y. 532), which recognized the inherent power of the Supreme Court as the guardian of all infants, in a proper case, to take the custody and control of the child from its general guardian. This holding necessarily recognized that in exceptional cases the guardianship of the person does not always under all conditions give absolute right to the custody of the person. Lazansky, P. J., Kapper, Hagarty, Scudder and Tompkins, JJ., concur.

In the Matter of the Application for Letters of Guardianship of the Persons and Estates of ARA LEROY YARDUM, LEVON A. YARDUM, VINCENT YARDUM, JR., Infants. VINCENT YARDUM, Appellant; MARGUERITE YARDUM as General Guardian of the Persons of ARA LEROY YARDUM, LEVON A. YARDUM, VINCENT YARDUM, JR., Infants, etc., Respondent.— In view of the decision in *Matter of Yardum* (*ante*, p. 854), decided herewith, the appeal herein is dismissed. Pending the determination of the Supreme Court action, or an earlier application to the Supreme Court in the action there pending between Vincent Yardum and Marguerite Yardum, the parents, it should be agreed upon by the parties, without prejudice, that the mother should have the custody of the children. Lazansky, P. J., Rich, Kapper, Hagarty and Scudder, JJ., concur.

THOMAS A. KANE, Plaintiff, and VITO F. LANZA, Respondent, v. MATTEO REALTY CORPORATION, Appellant, and MATTEO INGALLINA and Others, Defendants.— Order denying motion of defendant Matteo Realty Corporation to vacate order appointing a receiver affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Rich, Young, Kapper and Tompkins, JJ., concur.

BARNETT KARDONSKY, Appellant, v. JAMES TOZZI, Trading under the Firm Name and Style of JAMES TOZZI & Co., Respondent.— Judgment reversed upon the law and the facts, with costs, and judgment directed in favor of plaintiff, with costs, adjudging that there was an accord and satisfaction on April 23, 1925, by which, in consideration of the payment of $3,000 by plaintiff to defendant, the plaintiff became the owner of a one-half interest in the damage claims and the parties to this action mutually released each other from all claims, and that plaintiff's Exhibit 2 be reformed by substituting the name of the original and substituted plaintiff in place of " James Tozzi & Co.," in the last sentence thereof. We believe it was the intention of the parties on April 23, 1925, to settle finally their joint adventure and to exchange general releases. This conclusion finds support in the fact that plaintiff delivered to defendant's agent, Catalano, his check for $3,000, upon which he had first written " Paid in full up to this date," and which check was accepted by Catalano upon defendant's behalf, without protest. It cannot